Johnson, J.
delivered the opinion of the Court.
Admitting that the ground taken for a new trial in this case was itself a sufficient legal objection, yet I should be disposed to think that the delivery of the first deed was a literal compliance with the condition of the bond. The date is not a substantive part of the deed, and may be supplied by parole; at any rate, it will take effect from the time of the delivery, whether it has a date or not; and although it bear a date, it will not take effect from it, unless it is cotemporaneous with the delivery ; nor do I think the objection that the renunciation of the wife’s dower did not accompany it, is better founded. But I proceed to the consideration of the question made in the brief.
The undertakings of the plaintiff to make titles, and of the defendants to pay the note, although they may be regarded as mutual, are notwithstanding separate and independent, for the breach of which either party had a right of action ; the plaintiff having then complied with the condition of his bond, by the delivery of an unexceptionable deed before an action “was commenced against him, the defendant’s right of action was gone, and could not be set off against *192 the present action. Upon the same principle, I am of opinion that the tender or delivery of a deed, accompanied by an abstract of the plaintiff’s title, at the trial, would have been considered such a compliance with the condition of the bond as to entitle the plaintiff to recover.
I am therefore of opinion that the motion for a new trial ought to be refused.
The other Judges concurred.